[Civ. No. 8105.   Second Appellate District, Division Two.—January 25, 1934.]

AUGUSTA G. McBRIDE, Respondent, v. SOUTHERN CALIFORNIA TELEPHONE COMPANY (a Corporation), Appellant.

Lawler & Degnan for Appellant.

Olson & Olson for Respondent.

CRAIG, J.—The verdict of a jury and resultant judgment having been rendered in favor of the plaintiff in an action for damages alleged to have been sustained through negligence of the defendant, the latter appealed.

From the evidence elicited from certain of its witnesses the appellant argues that the verdict is wholly without support as to the manner in which two automobiles of the parties collided upon a public thoroughfare in the city of Los Angeles. It is conceded that a Buick car of the respondent was being driven along a boulevard as a Ford truck of the appellant emerged from a narrow driveway and that they met upon the main highway. Arguments are devoted largely to positions of the machines after the impact and to conjecture with respect to the possible proximate cause of the injury thereto. An eye-witness swore positively that the Ford proceeded at a rate of twenty miles per hour for a distance of thirty feet and without lessening speed entered the boulevard, turned toward the left and came suddenly in front of the Buick. The plaintiff testified that "it just shot out of the alley and I wasn't very far from the alley and it shot out at an angle and I had no opportunity of seeing it before". From this and corroborative evidence before them the jury may well have concluded that although there was other evidence tending to show care on the part of the driver of the Ford car, all of the evidence preponderated against the degree of ordinary care and skill required by law as given in the instructions of the court. The intendments must be resolved in favor of such conclusion.

During cross-examination of one of the plaintiff's witnesses he was shown and defendant's counsel offered in evidence a memorandum of a conversation at the latter's offices about a year after the accident, wherein the witness had stated his opinion as to the occurrence. It is insisted that the trial court erred in excluding the same. However, it consisted of no more than an opinion, was an unsworn response to certain questions, and the witness swore positively, "I was all wrong, and since I have made that statement I went over the whole thing thoroughly and saw where I had been wrong." Nevertheless, the witness was cross-

examined upon details of the occurrence and it would be difficult to hold that the jury were not sufficiently conversant with the witness' views to render their verdict in disregard of his testimony if they did not believe it entitled to credit.

His testimony upon the stand was more in accord with that of other witnesses whose testimony was not impeached, but it cannot be said upon appeal that their verdict was so influenced by it alone as to warrant an assumption that a different result would have been attained by consideration of his unfounded opinion at another time.

The judgment is affirmed.

ARCHBALD, J., *pro tem.*, Concurring.—I concur. Appellant strenuously contends that the physical evidence shows that the accident was due to the fact that plaintiff's Buick was being driven on the wrong side of the street. From the appearance of both cars as shown by the exhibits and the fact that the accident occurred approximately 19 feet north of the north line of Edgewood Place as it intersects West Boulevard, on which plaintiff was traveling, the jury might well infer that defendant's driver did not enter such boulevard from Edgewood Place as defendant's witnesses testified, but instead crossed the path of plaintiff's car on an angle, so that only the left front corner of the Buick struck the truck, crushing into and along the side of it, and that to get in such a position the truck must have entered West Boulevard as testified by plaintiff's witnesses.

There are two dark lines shown on exhibit "B" extending down toward the Buick as the car is shown at rest after the accident. The jury might also conclude that they were not made by the Buick, as they do not answer the description of the marks testified to by defendant's witnesses as leading to the wheels of that machine, as the left track was fixed as only 16½ inches past the center line; and from an examination of the exhibit the jury might easily conclude that the two marks that are plainly shown pass under the car in unbroken lines. They could also infer that inasmuch as said marks pass the spot of the collision in unbroken lines they could not have been made by the Buick, which was unquestionably pulled to the left at the time of the impact; and they might easily infer that in the few feet it moved after the accident it was drawn to the left from its place on the right

of the center line to that where it finally came to rest as shown by the exhibit.

Stephens, P. J., concurred in both of the above opinions.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 23, 1934, and the following opinion then rendered thereon:

THE COURT.—Petition for rehearing is denied. An error occurs in the opinion, as pointed out in the petition for rehearing, concerning a date, but since this mistake is wholly immaterial it need not be corrected.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 26, 1934.